IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DANNY G. KING, Register No. 2870, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4132-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Danny G. King, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as sole defendant is Dave Dormire, Superintendent, Jefferson City Correctional Center.

In support of his claims in his amended complaint, plaintiff states that as a protective custody inmate, he is being denied the privileges afforded to general population inmates. Plaintiff alleges that his two hours of law library weekly fail to allow him access to courts, that he is denied general population religious call-outs, denied adequate access to medical and dental care, denied transfer to another institution; and denied any outside recreation.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review, the court has determined plaintiff to be a frequent filer of prisoner complaints because he has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted. See King v. Welborn, No. 98-0071 (E.D. Mo. 1998) (failure to state a claim); King v. Welborn, No. 00-0093 (E.D. Mo. 2001) (legally frivolous); King v. Welborn, No. 04-0037 (E.D. Mo. 2004) (legally frivolous or failure to state a claim); King v. Welborn, No. 04-3954 (8th Cir. 2005) (judgment of district court summarily affirmed[1]).

Plaintiff's claims 1) regarding a generalized denial of adequate medical and dental care, 2) regarding denial of equal privileges as a protective custody inmate; 3) challenging only two hours of weekly access to the law library; 4) challenging his denial of general population religious call-outs; and 5) denial of a transfer to another institution fail to allege a danger of serious physical injury and, therefore, should be dismissed, pursuant to 28 U.S.C. § 1915(g).

However, because plaintiff's allegations regarding denial of any outside recreation could be interpreted as a serious threat to his physical well being, plaintiff is granted leave to proceed on these claims.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiff is capable of making an initial payment of $5.52[2] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

---

[1] See Eighth Circuit Rule 47A(a).

[2] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff's request for an evidentiary hearing is premature and will be denied, without prejudice. Plaintiff's complaint is at the very early stages of processing, and service of process has not yet been completed. After process is served and an answer to plaintiff's complaint is filed, this court will issue a scheduling order for the processing of plaintiff's claims. Plaintiff's claims will be resolved via the normal processing of his case.

IT IS, THEREFORE, ORDERED that plaintiff's request for an evidentiary hearing is denied, without prejudice, as premature [5]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims regarding denial of outside recreation. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $5.52 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, whether he will or will not waive service of process on defendant. It is further

ORDERED that defendant answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis on his remaining claims and that such claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4