IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DANNY G. KING, Register No. 2870, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4132-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Danny G. King, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On September 15, 2006, defendant Dormire filed a motion to dismiss on grounds that plaintiff's claims against defendant fail to allege personal involvement by Dormire in the alleged violations of plaintiff's constitutional rights, and therefore, plaintiff fails to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff has responded in opposition.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Plaintiff's complaint and response to defendant Dormire's motion to dismiss fail to indicate personal involvement by Dormire in the alleged unconstitutional actions against plaintiff. Rather, it is the unidentified "agents" of Dormire that plaintiff appears to be alleging are personally responsible for violating his rights, and that Dormire, as the Superintendent, is responsible for such actions.

A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Therefore, because plaintiff's claims against Dormire are based on the supervisory position held by Dormire, plaintiff fails to state a claim on which relief can be granted under 42 U.S.C. § 1983.

Plaintiff's motions for discovery, default judgment and pretrial conference are premature and are, therefore, denied, without prejudice. Discovery does not begin until after a responsive pleading has been filed by the defendant, and the court issues a scheduling order for initial disclosures. Defendant has not filed an answer in this case; therefore, a scheduling order has not been entered. Pursuant to the Federal Rules of Civil Procedure, defendant may file a motion to dismiss prior to filing an answer. Fed. R. Civ. P. 12. If the motion to dismiss is denied, defendant must file an answer within ten days. Upon receipt of an answer, a scheduling order will be entered. Plaintiff should not seek discovery from defendant until a scheduling order has been issued.

IT IS, THEREFORE, ORDERED that plaintiff's motions for discovery, default judgment, and pretrial conference are denied, without prejudice, as premature. [12, 20, 22, 24] It is further

RECOMMENDED that defendant Dormire's motion to dismiss be granted and plaintiff's claims dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. [13].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of April, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3